Territorial Law Library

IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM

vs.

ARNOLD B. KITANO,

Defendant.

) CRIMINAL CASE NO. CF499-08
)
)
) DECISION AND ORDER
) (Defendant's Motion in Limine to Admit
) Testimony of Officer Donny Tainatongo)
)
)
)
)
)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on January 20, 2009, for a hearing on Arnold B. Kitano's ("Defendant") Motion to in Limine to Admit Testimony of Officer Donny Tainatongo. Attorney Stephen Hattori of Alternate Public Defender represented Defendant. Attorney Jeffery Moots appeared on behalf of the People of Guam ("the People"). Upon review of the evidence, oral and written arguments, and legal authorities presented by both attorneys, the court hereby issues this Decision and Order.

## BACKGROUND

On January 7, 2009, the Court gave Defendant time to review Officer Tainatongo's police report. Motion Hearing at 4:32 p.m. (January 7, 2009). The People handed Defendant Tainatongo's police report on January 7, 2009 during the hearing on Defendant's Motion to Dismiss and in the Alternative Motion in Limine to Exclude Undisclosed Discovery Evidence. Motion Hearing at 11:32 a.m. (January 7, 2009) (Defendant argued that the People handed

People of Guam v. Arnold B. Kitano, CF499-08                                        Page 1 of 5
Decision and Order – Defendant's Motion in Limine
to Admit Testimony of Officer Donny Tainatongo

Officer Tainatongo's police report on January 12, 2009. Defendant's Motion in Limine to Admit Testimony of Officer Donny Tainatongo at 2 (January 20, 2009)). The Court gave Defendant an opportunity to review the report to determine if there is any exculpatory evidence contained in Officer Tainatongo's police report. The Court gave Defendant an opportunity to file a separate motion regarding Officer Tainatongo's police report, Id. at 4:32 p.m., and gave the People the opportunity to respond. Id. at 4:32 p.m. The motion hearing was held on January 12, 2009.

At the January 12, 2009 motion hearing, the Court discovered that Defendant failed to submit a motion and attach Officer Tainatongo's police report. Motion Hearing at 1:40 p.m. (January 12, 2009). The Court asked Defendant about the exculpatory nature of the Officer Tainatongo's police report, but Defendant refused to disclose the "exculpatory information." Id. at 2:11 p.m. Neither side introduced Officer Tainatongo's police report as evidence, let alone as an exhibit at the January 12, 2009 motion hearing. See Id. Nevertheless, the Court granted Defendant's Alternative Motion in Limine due to the delayed disclosure of Officer Tainatongo's police report. See Amended Decision and Order (January 15, 2009).

On January 20, 2009, Defendant filed a Motion in Limine to Admit Testimony of Officer Donny Tainatongo ("Officer Tainatongo"). In its motion, Defendant argued that Officer Tainatongo limited testimony would discredit Officer Tydingco's testimony as to the description of the assailant. Defendant's Motion in Limine to Admit Testimony of Officer Donny Tainatongo at 2 (January 20, 2009).

The People filed and Opposition to Defendant's Motion to Admit Testimony of Officer Donny Tainatongo for a Limited Purpose. In the motion, the People argued that the Court must deny the Defendant's motion to admit Officer Tainatongo's specific testimony. People's

People of Guam v. Arnold B. Kitano, CF499-08                                    Page 2 of 5
Decision and Order – Defendant's Motion in Limine
to Admit Testimony of Officer Donny Tainatongo

Opposition to Defendant's Motion in Limine at 3 (January 20, 2009). The Court now addresses whether Officer Tainatongo's testimony will be allowed for a limited purpose.

## DISCUSSION

Defendant argued that Officer Tainatongo's testimony should allowed for a limited purpose even after Defendant asked the Court to excluded Officer Tainatongo's police report and photographs. Defendant's Motion in Limine to Admit Testimony of Officer Donny Tainatongo at 2 (January 20, 2009). The Court granted Defendant's Alternative Motion in Limine to Exclude Undisclosed Discovery Evidence. See Amended Decision and Order (January 15, 2009). Defendant argued that Officer Tainatongo's testimony will be limited to discrediting Officer Tydingco's testimony on the initial description of the assailant in the instant case. Defendant's Motion in Limine to Admit Testimony of Officer Donny Tainatongo at 2 (January 20, 2009). The Court disagrees that Officer Tainatongo's testimony can only be used for a limited purpose.

The rule of completeness is embodied in the Guam Rules of Evidence Rule 106. Rule 106 states: "[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to considered contemporaneously with it." Application of the rule of completeness is a matter for the trial judge's discretion. United States v. Burreson, 643 F.2d 1344, 1349 (9th Cir. 1981), cert. denied, 454 U.S. 830, 102 S.Ct. 125, 454 U.S. 847, 102 S.Ct. 165 (1981). The Court will deny Defendant's Motion in Limine to Admit Testimony of Officer Donny Tainatongo.

The Court, under Guam Rules of Evidence Rule 106, will exercise its discretion and determines that if Defendant wants to use Officer Tainatongo testimony concerning his police

People of Guam v. Arnold B. Kitano, CF499-08
Decision and Order – Defendant's Motion in Limine
to Admit Testimony of Officer Donny Tainatongo

Page 3 of 5

report then the entire police report and photographs. Therefore, pursuant to Guam Rules of Evidence Rule 106, the Court will deny Defendant's Motion.

Defendant made the argument that if the Court were to exclude Officer Tainatongo's limited testimony would be akin to awarding the People's discovery abuse. Defendant's Motion in Limine to Admit Testimony of Officer Donny Tainatongo at 3 (January 20, 2009). The Court disagrees. Defendant forgets that it was he who initially asked for Officer Tainatongo's testimony be excluded. See Defendant's Motion to Dismiss; and in the Alternative to Exclude Undisclosed Discovery Evidence (January 7, 2009). The People vigorously fought and argued that Officer Tainatongo's police report and photographs should be allowed to testify. See People's Opposition to Defendant's Motion to Dismiss (January 7, 2009). The Court's exclusion of Officer Tainatongo's testimony was in response to the People's delay in disclosure of Officer Tainatongo's police report and photographs. See Amended Decision and Order (January 15, 2009). Therefore, further exclusion would not reward the People for their discovery abuse.

The Defendant argues that Officer Tainatongo's testimony would be exculpatory. Defendant's Motion in Limine to Admit Testimony of Officer Donny Tainatongo at 3 (January 20, 2009). The Court further finds that Defendant could have brought this up at the January 12, 2009 motion hearing, but, in fact, Defendant refused to explain how Officer Tainatongo's police report and photographs were exculpatory. Motion Hearing at 2:11 p.m. (January 12, 2009). Defendant cannot have it both ways. Thus, the Court will deny Defendant's Motion.

Defendant argued that if Officer Tainatongo is allowed to testimony fully, and the Court, pursuant to Rule 106, allows the entire police report and photographs, Defendant would withdraw his motion in limine. Defendant's Motion in Limine to Admit Testimony of Officer

People of Guam v. Arnold B. Kitano, CF499-08                                                          Page 4 of 5
Decision and Order – Defendant's Motion in Limine
to Admit Testimony of Officer Donny Tainatongo

<u>Donny Tainatongo</u> at 2-3 (January 20, 2009); <u>Motion Hearing</u> at 2:03 p.m. (January 20, 2009). Indeed, that is the Court's ruling. Despite the Defendant's intention to withdraw his motion in limine, the Court will deny the Defendant's motion.

**CONCLUSION**

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Defendant's Motion in Limine to Admit Testimony of Officer Donny Tainatongo.

**SO ORDERED** this __21__ day of __Jan.__, 2009.



HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam
Dated at Hagåtña, Guam

JAN 21 2009


James R. Borja

People of Guam v. Arnold B. Kitano, CF499-08
Decision and Order – Defendant's Motion in Limine
to Admit Testimony of Officer Donny Tainatongo

Page 5 of 5